UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA FERNANDA PINA,                                              Civ. Action No.:

               Plaintiff,

   -against-

AKAM ASSOCIATES, INC.,

               Defendant.
------------------------------------------------------------X

## COMPLAINT

     Plaintiff, Maria Fernanda Pina ("Plaintiff"), as and for her Complaint against Defendant,

Akam Associates, Inc. ("Defendant"), respectfully alleges as follows:

### JURISDICTION AND VENUE

    1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes,

Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and

for other relief.

    2.     Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA,

29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

    3.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part

of the same case or controversy.

    4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is a resident of the State of New York.

6.      Defendant is a property management company with a principal place of business located at 260 Madison Avenue, New York, NY.

7.      Defendant is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

9.      Defendant had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

10.     Defendant is a covered employer within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff.

## FACTS

11.     Plaintiff has been employed by Defendant as an assistant to a property manager from about October 9, 2019 to the present; Plaintiff has been on leave from about November 16, 2020 to the present.

12.     At all times relevant to this action (October 9, 2019 to about November 16, 2020), Defendant has paid Plaintiff a set annual salary which has been broken down to semi-monthly payments.

13.     At all times relevant to this action, Defendant classified Plaintiff as non-exempt from the overtime provisions of the Federal and State wage and hour laws.

14.     However, Defendant has failed to pay Plaintiff any overtime compensation for any time that she has worked past 40 hours in a workweek.

15.     For example, for the week ending March 29, 2020, Plaintiff punched in and out for 45.25 hours of work time, but was not paid time and one-half her regular rate of pay.

16.     For the week ending April 6, 2020, Plaintiff punched in and out for 46.25 hours of work time, but was not paid time and one-half her regular rate of pay.

17.     For the week ending, May 10, 2020, Plaintiff punched in and out for 47.75 hours of work time, but was not paid time and one-half her regular rate of pay.

18.     For the week ending, May 24, 2020, Plaintiff punched in and out for 49.75 hours of work time, but was not paid time and one-half her regular rate of pay.

19.     The foregoing is just a few examples of work weeks where Plaintiff worked more than 40 hours in a week, but was not paid overtime compensation.

20.     For example, for the week ending June 14, 2020, Plaintiff punched in and out for 56.5 hours of work time, but was not paid time and one-half her regular rate of pay.

21.     In addition, because Plaintiff was led to believe that she was not entitled to overtime as a salaried employee, she did not punch in and out for the work she did on the weekends for Defendant.

22.     For example, on May 30, 2020, Plaintiff performed 5 hours of work for Defendant but was not compensated at all for such work.

23.     On June 27, 2020, Plaintiff performed 6.5 hours of work for Defendant but was not compensated at all for such work.

24.     On July 25, 2020, Plaintiff performed 6.5 hours of work for Defendant but was not compensated at all for such work.

25.     The foregoing is just a few examples of weekend work that Plaintiff performed for Defendant but was not paid any compensation at all for such work.

3

26.     At all times relevant to this action, Defendant failed to provide Plaintiff with complete and accurate earnings statements along with her weekly earnings, as required by NYLL § 195(3).

27.     At all times relevant to this action, Defendant failed to provide Plaintiff with wage notices as required by NYLL section 195(1).

28.     Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

29.     Defendant was aware of Plaintiff's work hours but failed to pay her the full amount of regular wages and overtime compensation to which she was entitled under the law.

30.     Defendant's failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

31.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

32.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

33.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

4

34.     At all times relevant to this Complaint, Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who has handled office materials, supplies, and equipment that originated outside of the State of New York.

35.     Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2019 and 2020 was not less than $500,000.00.

36.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

37.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

38.     By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

39.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

40.     However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

41.     Defendant acted willfully and either knew that its conduct violated the FLSA or showed a reckless disregard for the matter of whether its conduct violated the FLSA.

42.     Defendant did not act in good faith with respect to the conduct alleged herein.

43.     As a result of Defendant's violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

44.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45.     At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

46.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

47.     By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

48.     By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation for the time period as alleged herein in which she worked in excess of forty (40) hours a week for Defendants.

49.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because she did not meet the requirements for any of the exemptions available thereunder.

50.     Defendant acted willfully and either knew that its conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether its conduct violated the New York Labor Law.

51.     Defendant did not act in good faith with respect to the conduct alleged herein.

52.     As a result of Defendant's violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL ARTICLE 6 SECTION 190** *et seq.*
**FAILURE TO PAY REGULAR WAGES**

53.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

54.     Defendant willfully failed to pay Plaintiff her regular rate of pay for the time period complained of herein wherein Plaintiff worked hours on the weekends without being paid any compensation at all.

55.     Through its knowing and intentional failure to provide Plaintiff with her regular rate of pay for all hours worked as required by the NYLL, Defendant willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

56.     Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

57.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.     Defendant willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

59.     Through its knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

60.     Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198.

**COUNT V**
**VIOLATION OF THE NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

61. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

62. Defendant willfully failed to furnish Plaintiff with wage notices during her employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

63. Through its knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

64. Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendant, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendant committed one or more of the following acts:

    1.    Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

    2.    Willfully violated the provisions of the NYLL by failing to pay overtime compensation and regular wages to Plaintiff;

    3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements and notices;

B.    Award compensatory damages, including all overtime compensation owed in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
January 18, 2021

Neil H. Greenberg, Esq.
Justin M. Reilly, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

DocuSign Envelope ID: A7A74C38-5C99-4618-9FCD-C290E33787BC

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be in lawsuit against *AKAM ASSOCIATES, INC.,* in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
11/8/2020

_____

Maria Fernanda Pina